**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-41008

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHN MATTHEW COCKRELL,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas

Before KING, GARZA and HAYNES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Appellant John Matthew Cockrell appeals his conviction for conspiracy to possess with intent to distribute heroin resulting in serious bodily injury, in violation of 21 U.S.C. § 846. Cockrell argues that the district court erred in admitting certain evidence. For the following reasons, we AFFIRM.

**I**

In 2006, the Plano Police Department notified agents from the Federal Bureau of Investigation High Drug Trafficking Area ("FBI") of several Collin County heroin-related overdoses, some of which were fatal. Law enforcement identified Cockrell as a distributor in the Plano area. Based on the ensuing

investigation, Cockrell was arrested and indicted for his participation in a conspiracy to distribute heroin.

At trial, several co-conspirators testified that they purchased drugs from Cockrell from 2005 through early 2007. One witness testified that she initially purchased methamphetamine from Cockrell, but switched to heroin, purchasing as often as two to three times per week. Witnesses testified that they saw heroin packaged inside of balloons in Cockrell's apartment and car and that he distributed those balloons to customers and other dealers. Multiple witnesses said they pooled money with Cockrell to purchase larger quantities of heroin for personal use and distribution. Testimony also linked Cockrell to the non-fatal overdoses of William Baca and Christopher Schubert. Both Baca and Schubert testified that they overdosed on heroin supplied by Cockrell and they required emergency medical treatment. Testimony of treating paramedics and ambulance records corroborated Baca and Schubert's testimony.

The government also successfully introduced evidence of Cockrell's prior drug crime conviction. He was indicted in 1999 for conspiracy to possess with the intent to distribute heroin, but ultimately pleaded guilty to using a telephone to facilitate a heroin trafficking crime. Cockrell was sentenced to 41 months' imprisonment. The district court considered admissibility prior to the start of trial. Cockrell argued that the prior conviction was inadmissible under FED. R. EVID. 404(b) because it was prior "bad act" evidence. The government argued that the prior conviction showed intent to distribute drugs or absence of mistake. Cockrell responded that because the prior conviction and the current charge were very similar, they were highly prejudicial. The district court admitted the evidence, finding that Cockrell's not-guilty plea put his intent at issue and the extraneous offense was temporally proximate, similar to the offense charged, and relevant to show Cockrell's intent or that he had not accidentally been swept up in a heroin distribution scheme. The district court also noted that because

much of the other evidence about Cockrell's distribution activities would be provided by indicted and unindicted co-conspirators, there was a need for the government to offer other evidence from which intent could be inferred. Immediately following the prior conviction testimony, the district court instructed the jury on the limited extent to which they could consider the evidence. In relevant part, the jury was instructed that:

> The plea agreement and judgment—are not admissible and should not be considered by you for the purpose of proving that Mr. Cockrell committed what he's accused of and what he's on trial for here. . . . If you find from other evidence that he committed that offense, then you can consider the previous conviction for the purpose of determining whether or not he knowingly conspired and whether or not he possessed any heroin with the intent to distribute it.

Near the end of the trial, the court decided that testimony about Cockrell's prior arrest and the discovery of 1.4 grams of methamphetamine in his car was admissible. The arrest occurred in February 2007. While he was at the Farmer's Branch, Texas, Police Department, police officers observed Cockrell on a telephone call that appeared to be a heroin transaction. One officer observed Cockrell speaking on the phone and, while on speaker-phone, heard the customer ask if Cockrell "would be able to pick up a quarter of brown," a term the officer knew to refer to heroin. After determining that Cockrell had outstanding warrants, they arrested him. The officers found a syringe in Cockrell's pocket and a search of his vehicle turned up approximately 1.49 grams of methamphetamine. Both officers testified that this amount of methamphetamine was consistent with either distribution or personal use.

The district court admitted the evidence, citing two grounds. First, the district court noted its belief that Cockrell's course of conduct at Farmer's Branch, including his phone calls for what appeared to be a heroin deal, were intrinsic to the overall conspiracy that Cockrell was charged with. The district

3

court further ruled that even if not intrinsic, the evidence of methamphetamine possession in a distributable quantity was relevant and admissible under FED. R. EVID. 404(b) to show Cockrell's intent to distribute heroin under the conspiracy charge. The district court rejected Cockrell's arguments that the prejudice outweighed the probative value. Cockrell requested a jury instruction, and immediately following the officers' testimony, the district court gave an instruction similar to the one regarding the heroin conviction.

The jury found Cockrell guilty. The district court sentenced Cockrell to imprisonment for a term of 380 months to be followed by five years of supervised release. The court imposed a $100 special assessment, but no fine. Cockrell timely appealed his conviction.

## II

Cockrell argues that the district court erred in admitting evidence of the prior heroin conviction and the methamphetamine arrest. This court reviews the admission of evidence under Rule 404(b) for abuse of discretion. *United States v. Walters*, 351 F.3d 159, 165 (5th Cir. 2003). Although this review is "necessarily heightened" in criminal cases, *United States v. Anderson*, 933 F.2d 1261, 1268 (5th Cir. 1991), abuse of discretion is only reversible if a defendant can demonstrate prejudice, *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996).

> Rule 404(b) provides that:
>
> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Under *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978), this circuit applies a two-pronged analysis for the admissibility of evidence under Rule 404(b). First, the evidence of "other crimes, wrongs, or acts" must be relevant

to an issue other than the defendant's character. *Id.* The standard of relevancy under Rule 401 applies to the first prong of the analysis. *United States v. Percel*, 553 F.3d 903, 911–12 (5th Cir. 2008). The relevance of extrinsic act evidence "is a function of its similarity to the offense charged." *Beechum*, 582 F.3d at 911.

Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice. *Percel*, 553 F.3d at 912. In weighing the probative value and unfair prejudice, this court must make a "commonsense assessment of all the circumstances surrounding the extrinsic offense." *Beechum*, 582 F.3d at 914. Probative value "must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference." *Id.* Other factors to be considered include "the overall similarity of the extrinsic and charged offenses, and the amount of time that separates the extrinsic and charged offenses" as well as any limiting instructions. *United States v. Richards,* 204 F.3d 177, 199–201 (5th Cir. 2000) (citation omitted).

Where, as here, a defendant enters a plea of not guilty in a conspiracy case, the first prong of the *Beechum* test is satisfied. *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996). "The mere entry of a not guilty plea in a conspiracy case raises the issue of intent sufficiently to justify the admissibility of extrinsic offense evidence." *Id.*; *United States v. Parziale*, 947 F.2d 123, 129 (5th Cir. 1991), *cert. denied*, 503 U.S. 946 (1992). In other words, where the prior offense involved the same intent required to prove the charged offense, that prior offense is relevant and we are required only to consider whether the requirements of Rule 403 are met under *Beechum's* second prong. *Broussard*, 80 F.3d at 1040.

5

## A

The evidence of the prior offense included documents and testimony that showed that Cockrell was previously indicted for conspiracy to posses with intent to distribute heroin, substantially the same crime charged here, except that it did not include the bodily harm element. Evidence was also introduced of Cockrell's plea deal for use of a telephone to conduct narcotics transactions. This evidence was relevant to show intent because both the extrinsic offense and the charged offense involved an intent to distribute.[1] *See Beechum*, 582 F.2d at 911.

The district court found the prior conviction similar because it involved use of a telephone to facilitate distribution, and the charged offense required the government to prove intent to distribute. Cockrell contends that admission of his prior drug conviction was "for the same offense for which [he] was on trial" and therefore the prejudicial effect was great. While Cockrell correctly notes that "the more closely the extrinsic offense resembles the charged offense, the greater the prejudice to the defendant," *id*. at 915 n.20, it simply does not follow that such similarity requires exclusion of the evidence. Indeed, as we stated in *Beechum*, "the judge must consider the danger of *undue* prejudice" and the "test is whether the probative value of the evidence is *substantially* outweighed by its *unfair* prejudice." *Id*. (emphasis added). Rule 403 "would seem to require exclusion only in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered

---

[1] As noted above, because the intent is the same, we need not address *Beechum's* first prong. *See Broussard*, 80 F.3d at 1040. "Where the issue . . . is the defendant's intent to commit the offense charged, the relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in perpetration of [both offenses]. . . . [B]ecause the defendant had unlawful intent in the extrinsic offense, it is less likely that he had lawful intent in the present offense." *Beechum*, 582 F.2d at 911. Even were there some question as to the relevance of the evidence to show intent, Cockrell has arguably waived it because his brief appears to raise only the second prong under *Beechum*.

evidence." *Id.* Moreover, "[a] bald assertion that the probative value of extrinsic offense evidence was substantially outweighed by its prejudicial effect does not show an abuse of discretion by the district court." *United States v. Bermea*, 30 F.3d 1539, 1562 (5th Cir. 1994). Cockrell has made nothing more than just such a bald assertion. We previously have found that the probative value of prior drug conspiracy convictions is not substantially outweighed by unfair prejudice. *See, e.g.*, *United States v. Booker*, 334 F.3d 406, 412 (5th Cir. 2003) (finding no unfair prejudice from admission of evidence of seizure of 178 kilograms of marijuana to show intent in a crack cocaine conspiracy); *Broussard*, 80 F.3d at 1040 (finding no unfair prejudice from admission of "conviction for possession of fifty to 200 pounds of marijuana" with intent to distribute to show intent to distribute cocaine); *United States v. Harris*, 932 F.2d 1529, 1534 (5th Cir. 1991) (finding no unfair prejudice from admission of evidence of prior methamphetamine manufacturing activities to show intent in conspiracy to manufacture methamphetamine case). Cockrell's prior conviction in 2000 was temporally proximate to the current offense for which Cockrell was arrested in 2007. "Although remoteness of the extrinsic acts evidence may weaken its probative value, the age of the prior conviction does not bar its use under Rule 404." *Broussard*, 80 F.3d at 1040 (finding no prejudice from admission of prior conviction that was more than 10 years before the charged offense); *see also United States v. Chavez*, 119 F.3d 342, 346 (5th Cir. 1997) (finding no abuse of discretion in the admission of a 15-year-old conviction). Nor was the evidence of the prior offense of a "heinous nature" such as would incite a jury to an irrational decision on the charges before it. *See Beechum*, 582 F.3d at 917. Lastly, the district court gave extensive and immediate limiting instructions following the admission of the prior offense testimony. *See id.*; *Broussard*, 80 F.3d at 1040 (finding that any prejudice was minimized by limiting instruction

given immediately after extrinsic offenses offered into evidence). Accordingly, we find no abuse of discretion.

## B

Cockrell also complains about the admission of testimony regarding his arrest at the Farmer's Branch police station. The officers testified that they observed Cockrell conducting what appeared to be a heroin transaction on his cell phone while at that station. They arrested Cockrell on unrelated outstanding warrants, and the search incident to arrest turned up a syringe and 1.4 grams of methamphetamine, a quantity sufficient to be for personal use or distribution. They discovered no other drug paraphernalia or indicia of drug dealing activities. Initially, the district court was inclined to exclude this evidence because it believed that when Cockrell was arrested, his participation in the conspiracy was over. The court thought the evidence would be duplicative and unnecessary. However, it reconsidered when the government clarified that the conspiracy was still ongoing at the time of, and after, the arrest. The government argued that the evidence was intrinsic to the ongoing conspiracy and therefore admissible. It also argued that it needed this testimony because Cockrell had shown through cross-examination of the government's witnesses that no drugs had ever actually been seized from Cockrell. The district court initially ruled that "evidence of the discovery of the methamphetamine and everything that went on at the Farmer's Branch Police Department is intrinsic to this overall conspiracy." The district court further ruled that even if not intrinsic, evidence of methamphetamine possession in distributable quantity was relevant and admissible under FED. R. EVID. 404(b) to show intent to distribute. The district court rejected Cockrell's argument that the prejudice outweighed the probative value because the government had no evidence of heroin discovered in Cockrell's possession and needed to be able to counter the defense that no heroin was ever found in Cockrell's possession. Following the government's

presentation of this evidence, Cockrell asked for an instruction if the evidence was being admitted under Rule 404(b), rather than as intrinsic evidence. Having heard the evidence, the district court stated that the telephonic heroin transaction was intrinsic, but the methamphetamine was 404(b) evidence. It granted Cockrell's request, and immediately following the testimony, gave an instruction similar to the one given regarding the heroin conviction.

Cockrell appears to challenge the admission of this evidence under both prongs of the *Beechum* test. He contends that the evidence was not relevant for any permissible purpose because it showed only that he was in possession of methamphetamine in a personal-use quantity, which is not relevant to whether he possessed heroin, a different drug, with an intent to distribute. Cockrell also contends that admission of the evidence was unfairly prejudicial and, coupled with admission of the prior heroin conviction, compounded the prejudicial effect.

Cockrell's not-guilty plea put his intent sufficiently at issue to justify admission of extrinsic evidence. *Broussard*, 80 F.3d at 1040. Cockrell nonetheless raises the question whether this evidence was relevant to show intent at all. We find that it was. The evidence showed that Cockrell appeared to be making arrangements for a heroin sale, not just that he possessed methamphetamine.[2] Both the evidence of the apparent heroin sale and the

---

[2] The district court's comments that the government needed evidence of the methamphetamine possession because no heroin was actually found in Cockrell's possession are problematic. Specifically, the district court stated: "[G]iven the fact that the government doesn't have . . . any heroin that was discovered on Mr. Cockrell, I think that the government still has some need there to counter the defense that . . . no heroin was ever found on Mr. Cockrell." This would appear to be precisely the impermissible purpose for which the evidence cannot be used. The jury is not allowed to infer from evidence of possession of one drug that the defendant must have also possessed some other drug. Although this reasoning gives us pause, that statement was outside the hearing of the jury, and the jury was properly instructed as to how it could consider this evidence. Moreover, the methamphetamine evidence was not just evidence of drug possession, but evidence of drug possession of a *distributable quantity*. A jury could properly infer an intent to distribute from evidence of possession of one drug in a distributable quantity.

evidence of methamphetamine possession were relevant to show that Cockrell had the requisite intent for the crime charged——to possess heroin with an intent to distribute. Ignoring the testimony of both officers, Cockrell states that the quantity possessed was an amount sufficient for personal use. Presumably he wishes us to find that the only intent that could be inferred is an intent to use the drug, not to distribute. But the evidence was clear: 1.4 grams of methamphetamine was consistent with either personal use *or* distribution. Thus, one could reasonably infer an intent to possess the drug with an intent to distribute—the same intent that is charged in the current offense. Moreover, it is acceptable to infer such intent even where the prior offense drug is different from the drug charged in the current offense. *See, e.g.*, *Booker*, 334 F.3d at 412 (admitting evidence of marijuana offense to show intent in crack cocaine conspiracy); *Broussard*, 80 F.3d at 1040 (admitting evidence of marijuana offense to show intent in cocaine conspiracy).

We also find that the probative value of this evidence was not substantially outweighed by any unfair prejudice. The evidence regarding the telephone drug transaction and the distributable quantity of methamphetamine were contemporaneous with the heroin conspiracy with which Cockrell was charged. Moreover, the district court gave proper limiting instructions immediately following the testimony and again in the jury charge before deliberations. Although the jury could infer Cockrell's intent through the testimony of a number of witnesses who purchased or received drugs from Cockrell, the government needed corroborative evidence of that intent. Most of the witnesses were indicted and unindicted co-conspirators, many of whom received immunity or plea agreements, a fact that the defense used to repeatedly attack credibility. Given Cockrell's choice to defend in this manner, it was not an abuse of discretion to admit testimony regarding the events at the Farmer's Branch police station for the purposes of showing intent and to support any

inference of intent that might be drawn from other testimony. *See United States v. Buchanan*, 70 F.3d 818, 831 (5th Cir. 1996) (finding probity of extrinsic offense evidence enhanced where defense attacked witness credibility); *United States v. Henthorn*, 815 F.2d 304, 308 (5th Cir. 1987) (finding admission of past offense evidence proper where defendant attacked credibility of government's witnesses). Finally, we note that even if this evidence were duplicative and unnecessary, Cockrell would be entitled to no relief because he has made absolutely no showing of prejudice. *Coleman*, 78 F.3d at 156.

## III

For the foregoing reasons, we AFFIRM.