**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 22, 2011

Lyle W. Cayce
Clerk

No. 10-50855
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARLANA DORIS MOORE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-260-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Arlana Doris Moore appeals her conviction under 21 U.S.C. § 846 for conspiracy to manufacture 50 grams or more of methamphetamine and to possess pseudoephedrine with intent to manufacture methamphetamine. Moore was sentenced to imprisonment for life. She contends that the district court erred in admitting evidence that she had been convicted in 1990 of possession of methamphetamine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal Rule of Evidence 404(b) precludes the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith," but the rule recognizes that such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  For such evidence to be admissible, a court must first determine "that the extrinsic offense evidence is relevant to an issue other than the defendant's character." *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  "Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." *Id.*  We review the admission of Rule 404(b) evidence for abuse of discretion.  *United States v. Cockrell*, 587 F.3d 674, 678 (5th Cir. 2009).

In this case, defense counsel asserted during the opening statement that Moore was simply "swept up into this case."  Accordingly, the evidence of her 1990 conviction fell within Rule 404(b)'s allowance for evidence probative of "knowledge . . . or absence of mistake or accident."  FED. R. EVID. 404(b); *see United States v. Jackson*, 339 F.3d 349, 355 (5th Cir. 2003) (examining the defense's theory of the case as presented in its opening statement when evaluating the admissibility of extrinsic offense evidence under Rule 404(b)).

Although Moore contends that she was harmed because the evidence of her prior conviction amounted to propensity evidence, especially in light of differences between prior conviction and the charged offense and the age of the prior conviction, we have emphasized that the test under the second prong of *Beechum* "is whether the probative value of the evidence is *substantially* outweighed by its *unfair* prejudice."  *Cockrell*, 587 F.3d at 678 (internal quotation marks and citation omitted).    Moore's prior conviction for methamphetamine possession was probative of her knowledge of the drug. *See United States v. Lindell*, 881 F.2d 1313, 1319 (5th Cir. 1989).  The age of an

extrinsic offense does not serve as a per se bar to admission, *see United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996), and we have upheld the introduction of a nearly 18-year-old prior conviction. *United States v. Hernandez*, 162 F.3d 863, 872-73 (5th Cir. 1998)). By comparison, Moore's prior conviction occurred about 16 years before the alleged beginning of the conspiracy in 2006. Moore's not guilty plea and her attack on the credibility of the alleged co-conspirators who testified against her "enhances the probity of the prior offense evidence by placing [her] intent and state of mind at issue." *United States v. Buchanan*, 70 F.3d 818, 831 (5th Cir. 1995). Moreover, the district court gave two appropriate limiting instructions regarding the 1990 conviction, including one immediately after its admission into evidence. *See Cockrell*, 587 F.3d at 680. Thus, Moore has failed to show that the district court abused its discretion in admitting the evidence. *See id.* at 678.

AFFIRMED.