# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60047
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEE EARL BROOKS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CR-67-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Lee Earl Brooks appeals his jury trial conviction for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana (Count 1), attempted possession with intent to distribute 50 kilograms of marijuana (Count 2), possession with intent to distribute methamphetamine (Count 3), and carrying a firearm during and in relation to a drug trafficking crime (Count 4). Brooks was sentenced to a total of 211 months in prison.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60047

First, Brooks asserts that he was denied the effective assistance of counsel. "The general rule in this circuit is that a claim for ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal citation and quotation marks omitted). We decline to address Brooks's allegations of ineffective assistance of counsel because the record is not sufficiently developed to consider the claims.

Next, Brooks argues that the evidence was not sufficient to allow the jury to find him guilty of all four counts of the indictment and that the district court erred in denying his motion for judgment of acquittal. Ordinarily, in assessing the sufficiency of the evidence, we determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, and our review is de novo. *See United States v. Lopez-Moreno*, 420 F.3d 420, 437-438 (5th Cir. 2005); *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007). However, Brooks failed to properly preserve his challenge to the sufficiency of the evidence as to Counts 1 and 2. Therefore, we review Brooks's challenge to the sufficiency of the evidence as to those counts to determine whether there was a manifest miscarriage of justice. *United States v. Delgado*, 672 F.3d 320, 332 (5th Cir.) (en banc), *cert. denied*, 133 S. Ct. 525 (2012). A manifest miscarriage of justice "occurs only where the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense that is so tenuous that a conviction would be shocking." *United States v. Rodriguez-Martinez*, 480 F.3d 303, 307 (5th Cir. 2007) (internal quotation marks, brackets, and citation omitted).

No. 13-60047

A review of the record indicates that there was sufficient evidence of guilt as to Counts 1 and 2. The testimony of Brooks's coconspirators was sufficient to support his conviction on those counts. Therefore, Brooks has not shown that his conviction resulted in a manifest miscarriage of justice. *See Delgado*, 672 F.3d at 332.

Similarly, we conclude that the evidence was sufficient as to Counts 3 and 4. Given that the methamphetamine was found in one bathrobe pocket and multiple packages of marijuana were found in the other pocket and in close proximity to currency, drug paraphernalia, and a gun, it was reasonable for the jury to infer Brooks's intent to distribute. *See United States v. Kates*, 174 F.3d 580, 582 (5th Cir. 1999). Further, and contrary to Brooks's argument, the amount of methamphetamine found, 3.9 grams, was sufficient for the jury to infer intent to distribute. *See United States v. Cockrell*, 587 F.3d 674, 681 (5th Cir. 2009).

With regard to Count 4, the trial evidence showed that Brooks was stopped in a rental vehicle, and after a search of the vehicle, Brooks was found to be in possession of a nine millimeter pistol and marijuana that had been packaged for sale. The handgun was readily accessible to Brooks, having been found on the driver's floorboard. Given the foregoing, a reasonable juror could have found that the firearm was available to provide protection to Brooks in connection with his drug-trafficking conduct. *See United States v. Smith*, 481 F.3d 259, 264 (5th Cir. 2007).

By failing to address the district court's ruling on prejudice and its reasons for admitting evidence of other firearms possessed by Brooks during different drug transactions encompassed by the conspiracy, he has not shown that the district court abused its discretion in admitting evidence of the other firearms. *See United States v. Jackson,* 636 F.3d 687, 692 (5th Cir. 2011).

No. 13-60047

Likewise, we conclude that the district court did not plainly err in responding to the jury's questions. *See United States v. Stevens*, 38 F.3d 167, 170 (5th Cir. 1994); *United States v. Rogers,* 126 F.3d 655, 660 (5th Cir. 1997).

Brooks has abandoned any challenge to the district court's drug quantity calculation by failing to adequately brief the issue; Brooks does not identify specific error in the district court's calculations, which were extensive and thorough. Nor does Brooks identify error in the district court's determination that his role in the offense was that of a manager or supervisor. *See Brinkmann v. Dallas County Deputy Sheriff Abn*er, 813 F.2d 744, 748 (5th Cir. 1987).

Lastly, we reject, as without merit, Brooks's argument that his sentence reflects an unwarranted disparity between him and his codefendants. *See* 18 U.S.C. § 3553(a)(6) (indicating that a district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). Brooks is not similarly situated to his codefendants, each of whom pleaded guilty. *See United States v. Candia,* 454 F.3d 468, 476 (5th Cir. 2006).

AFFIRMED.