# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11011
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERMAINE DUANE IRVIN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-35-4

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Jermaine Duane Irvin was convicted of one count of conspiring to distribute a controlled substance and was sentenced to serve 420 months in prison and an eight-year term of supervised release. Irvin's pro se motion to remove counsel and appoint new counsel is DENIED because it was filed after counsel's brief and is thus untimely. *Cf. United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir.1998).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11011

In the sole issue raised in this appeal, Irvin contends that the district court erred by admitting evidence concerning his prior state conviction for delivery of cocaine. We review the admission of evidence in a criminal case pursuant to Federal Rule of Evidence 404(b) under a heightened abuse of discretion standard. *United States v. Olguin*, 643 F.3d 384, 389 (5th Cir. 2011). We have set forth a two-part test to determine whether evidence is admissible under Rule 404(b). *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). "First, it must be determined that the extrinsic evidence is relevant to an issue other than the defendant's character." *Id.* "Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403." *Id.* Application of this analysis shows no abuse of discretion in connection with the challenged ruling. *See Olguin*, 643 F.3d at 389.

The disputed evidence was admitted because the district court concluded that it was probative of intent, knowledge, and lack of mistake. These are proper uses of extrinsic act evidence. *See* Rule 404(b). In addition, "[t]he mere entry of a not guilty plea in a conspiracy case raises the issue of intent sufficiently to justify the admissibility of extrinsic offense evidence" and satisfies the first part of the *Beechum* test. *United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009); *Olguin*, 643 F.3d at 390.

Insofar as Irvin argues that the extrinsic act evidence should not have been admitted because it did not require the same intent as the instant offense, he is mistaken. The two incidents were sufficiently similar to warrant admission under Rule 404(b). *See United States v. Jackson*, 339 F.3d 349, 354-55 (5th Cir. 2003); *United States v. McMahon*, 592 F.2d 871, 873 (5th Cir.1979). The first part of the *Beechum* test is thus met.

No. 13-11011

This is not, however, the end of the analysis, and prejudice must still be considered. *See Beechum*, 582 F.2d at 911. When making a decision on whether the probative value of extrinsic evidence outweighs its potential prejudice, we consider "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013).

Our examination of the record shows that the district court's decision to admit the questioned evidence accords with these factors. This evidence was needed to establish Irvin's intent, and the two offenses were sufficiently similar to make the prior offense more probative than prejudicial. *See McMahon*, 592 F.2d at 874; *Kinchen*, 729 F.3d at 474. Additionally, the challenged evidence was not so outrageous as to inflame the jury. *See United States v. Yi*, 460 F.3d 623, 633 (5th Cir. 2006). Penultimately, the Rule 404(b) evidence was sufficiently temporally proximate to the charged offense so as to satisfy this factor. *See United States v. Arnold*, 467 F.3d 880, 885 (5th Cir. 2006). Finally, the district court adequately instructed the jury concerning the use of the disputed evidence. S*ee Zafiro v. United States*, 506 U.S. 534, 540 (1993).

The judgment of the district court is AFFIRMED.