# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41285
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIPE TELLES-SANCHEZ, also known as Mario Oviedo-Cerda, also known as Felipe Oviedo-Cerda,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1654

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Felipe Telles-Sanchez appeals his conviction for being an alien found knowingly and unlawfully present in the United States after deportation. He argues that the district court abused its discretion in admitting evidence of his prior illegal reentry conviction. He asserts that the probative value of the conviction was substantially outweighed by the prejudicial effect and that it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41285

was not relevant for any purpose other than to show his propensity to commit other crimes.  He contends that it was therefore inadmissible under Federal Rule of Evidence 404(b).  Further, Telles-Sanchez argues that the admission of evidence was not harmless as it was inherently prejudicial, and the district court's limiting instructions did not alleviate the prejudice because the instructions did not narrow the focus to a specific purpose permissible under Rule 404(b).

Telles-Sanchez's defense was that during the relevant time period from 2008 to 2012, he had a valid Texas delayed birth certificate and, therefore, his 2011 reentry into the United States was not illegal.  The entry of a not guilty plea raises the issue of intent sufficiently to justify the admissibility of extrinsic offense evidence and satisfied the first part of the test under *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  *See, e.g., United States v. Olguin*, 643 F.3d 384, 389-90 (5th Cir. 2011).  The district court allowed the introduction of evidence of his prior illegal reentry conviction for the limited purpose of showing state of mind or intent, motive or opportunity, action according to plan, and lack of accident or mistake.  *See United States v. Taylor*, 210 F.3d 311, 318 (5th Cir. 2000).  These are proper uses of extrinsic act evidence.  *See* Rule 404(b). Telles-Sanchez's prior illegal reentry conviction for an identical offense as the instant offense required the same intent.  *See* 8 U.S.C. § 1326(a), (b); *United States v. Jackson*, 339 F3d 349, 354 (5th Cir. 2003).  Although the prior offense occurred approximately eight years before the instant offense, this court has held that the amount of time that has passed since the previous conviction is not determinative, and has upheld the admission of evidence of extrinsic offenses that were 15 to 18 years old.  *See United States v. Arnold*, 467 F.3d 880, 885 (5th Cir. 2006) (citing cases and affirming admission of conviction that was nine years old).

No. 13-41285

Moreover, the evidence of Telles-Sanchez's prior conviction was not unfairly prejudicial because that conviction was neither heinous in nature nor likely to incite an irrational verdict. *See United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009). The risk of unfair prejudice was further minimized by the court's jury instruction that evidence could be considered only for the "very limited" purpose of determining whether Telles-Sanchez had the requisite intent or state of mind to commit the charged offense. *See United States v. McCall*, 553 F.3d 821, 829 (5th Cir. 2008); *see also Zafiro v. United States*, 506 U.S. 534, 540 (1993) (stating that a jury is presumed to follow its instructions). For these reasons, Telles-Sanchez has not shown that the district court abused its discretion in admitting evidence of his prior illegal reentry conviction. *See Olguin*, 643 F.3d at 389.

AFFIRMED.