# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-41036
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BEATRIZ ADRIANO-SANMARTIN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-8-3

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Beatriz Adriano-Sanmartin was convicted by a jury of conspiring to possess with the intent to deliver five kilograms or more of cocaine and of attempting to possess with the intent to distribute five kilograms or more of cocaine. She was sentenced to concurrent 168-month prison terms and concurrent five-year terms of supervised release. She timely appeals her conviction, asserting that the district court erred in allowing the Government

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to introduce, under Federal Rule of Evidence 404(b), testimony from coconspirator Urbisio Munguia that he and Adriano-Sanmartin were involved together in a 2010 marijuana-trafficking conspiracy.

We review the district court's evidentiary ruling under a heightened abuse of discretion standard. *United States v. Kinchen*, 729 F.3d 466, 470 (5th Cir. 2013). To be admissible, extrinsic evidence (1) must be "relevant to an issue other than the defendant's character" and (2) "must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [Federal Rule of Evidence Rule] 403." *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). The first prong of the *Beechum* test is met here because, by entering a plea of not guilty on the conspiracy charge, Adriano-Sanmartino necessarily "raise[d] the issue of intent sufficiently to justify the admissibility of extrinsic offense evidence." *United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009) (internal quotation marks and citation omitted).

Having considered the relevant factors, *Kinchen*, 729 F.3d at 473, as well as the overall prejudicial effect of the extrinsic evidence, *United States v. Juarez*, 866 F.3d 622, 627 (5th Cir. 2017), we conclude that the potential prejudice of the evidence did not substantially outweigh its probative value. The evidence was probative of knowledge, and the risk of prejudice was sufficiently mitigated by the district court's limiting instructions and its instruction on the elements. *See United States v. Garcia*, 567 F.3d 721, 728-29 (5th Cir. 2009).

AFFIRMED.