# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 17, 2022

Lyle W. Cayce
Clerk

No. 21-40320
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JENNIFER LYNN CULPEPPER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-266-2

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Following a jury trial, Jennifer Lynn Culpepper was convicted of conspiracy to possess with intent to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual). She

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

was sentenced to 121 months of imprisonment, followed by five years of supervised release. Culpepper now appeals, asserting that there was insufficient evidence to support her conviction and that certain extraneous offense evidence was admitted in error.

Because Culpepper failed to renew her motion for a judgment of acquittal at the close of all the evidence, she has not preserved her sufficiency-of-the-evidence claim for appeal, and it is reviewed for a "manifest miscarriage of justice." *United States v. Davis*, 690 F.3d 330, 336 (5th Cir. 2012) (internal quotation marks and citation omitted). Although Culpepper contends that she did not know of the methamphetamine conspiracy and did not voluntarily participate in it, the record is not devoid of evidence pointing to her guilt, nor is the evidence "so tenuous that a conviction is shocking." *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc) (internal quotation marks and citation omitted).

Culpepper also asserts that the district court erred in admitting extrinsic evidence of her marijuana transactions pursuant to Federal Rule of Evidence 404(b). Culpepper objected to the admission of this evidence in the district court. Although we generally review evidentiary rulings for abuse of discretion, a heightened standard applies where, as here, the evidence is admitted under Federal Rule of Evidence 404(b). *See United States v. Wallace*, 759 F.3d 486, 493 (5th Cir. 2014).

Federal Rule of Evidence 404(b) provides that evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). Such evidence may be admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). To determine whether such evidence was properly

No. 21-40320

admitted, this court first determines whether the extrinsic offense evidence is relevant to an issue other than the defendant's character; second, the court determines whether the probative value is substantially outweighed by undue prejudice. *United States v. Gurrola*, 898 F.3d 524, 537 (5th Cir. 2018) (citing *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc)).

The district court correctly determined that the first prong of the test was satisfied because Culpepper disputed her intent and knowledge concerning the methamphetamine conspiracy. *See*, *e.g.*, *United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009). In addition, the district court did not abuse its discretion by determining that the probative value of the evidence of Culpepper's marijuana transactions was not substantially outweighed by the danger of unfair prejudice. *See Beechum*, 582 F.2d at 914.

The judgment of the district court is AFFIRMED.