# United States Court of Appeals for the Fifth Circuit

———————————

No. 21-30697
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Larcentursa Mayweather,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:20-CR-138-2

———————————————————

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Larcentursa Mayweather appeals his convictions for armed bank robbery, conspiring to commit armed bank robbery, and making a false bomb threat. He argues that the district court erred in admitting testimony about prior robberies that he and his codefendants committed.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-30697

Evidence of extrinsic acts is admissible only if it is relevant to an issue other than the defendant's character and it possesses probative value that is not substantially outweighed by undue prejudice. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc); *see* Fed. R. Evid. 404(b). Such evidence is also subject to Federal Rule of Evidence 104(b), meaning it is relevant only if jurors could reasonably find by a preponderance of the evidence that the purported conduct actually occurred. *United States v. Gutierrez-Mendez*, 752 F.3d 418, 424 (5th Cir. 2014). Because the standard of review is not dispositive here, we assume that Mayweather preserved his argument and review under this court's heightened abuse-of-discretion standard for Rule 404(b) rulings. *See United States v. Kinchen*, 729 F.3d 466, 470 (5th Cir. 2013); *United States v. Wright*, 496 F.3d 371, 381 (5th Cir. 2007).

Mayweather does not dispute that the prior robberies were relevant for non-character purposes, such as those listed in Rule 404(b)(2). Indeed, the uncharged offenses were relevant to Mayweather's intent, which was necessarily at issue in this conspiracy case. *See United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009).

Nor does Mayweather meaningfully contest that the second *Beechum* prong is satisfied. Although he contends that the probative value of the evidence is outweighed by its prejudicial effect, his argument on this issue is that the Government's evidence was insufficient to show that he committed the prior offenses. Specifically, Mayweather argues that his codefendants' testimony was insufficient proof because their testimony was uncorroborated, and because their credibility was crucial to the Government's case. This is a Rule 104(b) argument, and we reject it. Both of Mayweather's codefendants testified about Mayweather's involvement in the uncharged robberies and, in so doing, corroborated each other's accounts. Additionally, an FBI agent testified that Mayweather's phone

contained searches for Family Dollar stores in the area,[2] and that there were police reports documenting the uncharged robberies. Based on this evidence, the jury could have reasonably found by a preponderance of the evidence that Mayweather committed the uncharged robberies. *Gutierrez-Mendez*, 752 F.3d at 424; *see also United States v. Henthorn*, 815 F.2d 304, 308 (5th Cir. 1987) (noting that jurors could "easily accept" a witness's testimony about prior offenses as proof that they occurred).

To the extent Mayweather argues that the prejudicial effect of the evidence outweighed its probative value, we disagree. The district court instructed the jury on the limited purposes for which they could consider the evidence. Juries are generally presumed to follow their instructions, *Zafiro v. United States*, 506 U.S. 534, 540 (1993), and this court has affirmed that limiting instructions "greatly minimize any risk of undue prejudice posed by the admission of extrinsic evidence," *United States v. Garcia Mendoza*, 587 F.3d 682, 689 (5th Cir. 2009). Moreover, the prior offenses were not "greater in magnitude than the crimes for which [Mayweather] was on trial." *United States v. Hernandez-Guevara*, 162 F.3d 863, 872 (5th Cir. 1998). We see no undue prejudice caused by the Government's presentation of the extrinsic-acts evidence.

The district court did not abuse its discretion by admitting the extrinsic evidence. *See Kinchen*, 729 F.3d at 470. AFFIRMED.

---

[2] One of the two uncharged offenses at issue was a robbery of a Family Dollar.