IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 17, 2007**

Charles R. Fulbruge III
Clerk

————

No. 06-10174

————

UNITED STATES OF AMERICA

Plaintiff – Appellee

v.

AARON HALL also known as Pops also known as Cat

Defendant – Appellant

————

Appeal from the United States District Court
for the Northern District of Texas

————

Before KING, DeMOSS, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Aaron Hall was convicted of conspiracy to possess and distribute marijuana and cocaine and sentenced to twelve years in prison. Hall challenges admission of a co-conspirator statement as hearsay and the sufficiency of the evidence. We affirm Hall's conviction because the evidence is factually sufficient and admission of the co-conspirator statement was harmless error.

I

Hall was a member of a marijuana- and cocaine-trafficking conspiracy in which various trucking companies would transport marijuana from Mexico to Laredo and then to the Dallas area. The drugs were subsequently transported to a house in Grand Prarie, Texas for distribution to purchasers. Cocaine

shipments would arrive from a separate source and then be distributed as well. Hall was one of the last persons in the trafficking chain, taking delivery of cocaine and marijuana for sale once it reached the Dallas area.

Oscar Daniel Gutierrez, Terry McCallom, and Hall were direct, linear conspirators: Gutierrez would deliver the drugs to McCallom, who would then deliver the drugs to Hall. Gutierrez had been a part of the conspiracy since 1994, and McCallom and Hall joined the conspiracy between 2000 and 2001. Gutierrez and McCallom would contact each other directly, but Gutierrez had limited contact with Hall.

McCallom also participated in a separate conspiracy in which he grew and sold hydroponic marijuana. McCallom was arrested in July 2002 in relation to the hydroponic marijuana conspiracy while he was on probation for a previous theft conviction. Because he feared he would be imprisoned for this offense, McCallom arranged a meeting between Gutierrez and Hall so they could continue the trafficking conspiracy in which the three had joined in McCallom's absence. Gutierrez expected a three-hundred-pound shipment of marijuana and approached Hall about distributing it. Hall stated that he could only sell about eighty-five pounds and subsequently took delivery of approximately this amount.

The DEA had been monitoring wiretaps on Gutierrez's phones as part of an investigation and identified McCallom as a co-conspirator. Using the hydroponic marijuana arrest as leverage, the DEA convinced McCallom to cooperate as a witness against other conspiracy members in November 2002. As part of his cooperation, McCallom allowed the DEA to record a number of phone conversations, including some between himself and Hall discussing the sale and distribution of marijuana. McCallom also provided the DEA with a notebook in which he recorded various drug transactions, including a delivery to "Pops"—allegedly an alias for Hall.

McCallom's cooperation led to the arrests of Gutierrez and Hall. Gutierrez pleaded guilty. Hall was charged with conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine and one hundred or more kilograms of marijuana.[1]

At trial, Gutierrez and McCallom testified against Hall, discussing in detail the operation of the conspiracy. The government sought to introduce testimony from Gutierrez recounting statements that McCallom had made to him about Hall prior to a meeting among all three conspirators, and the district court admitted the evidence over Hall's objections. The jury convicted Hall of conspiracy to possess and distribute marijuana and cocaine, and he was sentenced to twelve years in prison. Hall now appeals.

II

Hall challenges the sufficiency of the evidence, claiming it supports his defense theory of innocence as much as it supports the prosecution's theory of guilt. Conspiracy to distribute or to possess with intent to distribute controlled substances requires that the government establish "(1) the existence of an agreement between two or more persons to violate narcotics laws, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's voluntary participation in the conspiracy."[2]

In determining the sufficiency of the evidence, we determine whether, considering all the evidence in the light most favorable to the guilty verdict, a rational trier of fact could have found that the evidence established the elements of the offense beyond a reasonable doubt.[3] All reasonable inferences and

---

[1] See 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), (b)(1)(B)(vii).

[2] United States v. Fuchs, 467 F.3d 889, 908 (5th Cir. 2006).

[3] United States v. Villareal, 324 F.3d 319, 322 (5th Cir. 2003).

credibility determinations should also be made in the light most favorable to the verdict.[4]

At trial, Hall's counsel argued that McCallom enlisted Hall to assist him in cooperating with the government. According to this theory, Hall took delivery of the marijuana at McCallom's request and did not participate further in the conspiracy either before or after.

Substantial testimony and evidence demonstrated Hall's willing participation in the conspiracy: McCallom testified that Hall distributed marijuana and cocaine obtained from Gutierrez. McCallom's drug ledger chronicled numerous transactions listing drugs and money for "Pops," an alias McCallom used for Hall. Gutierrez testified that Hall agreed to take possession of and distribute a shipment of marijuana at a face-to-face meeting and that McCallom had previously identified Hall as a marijuana and cocaine customer who would pay with uniquely bundled cash. Javier Huerta testified that he delivered marijuana to Hall and later received money and unsold marijuana from Hall. Huerta also noted that Hall called him to complain that the marijuana Huerta delivered was a pound less than Hall was supposed to receive. Michael Gensler, an employee of McCallom, testified that he used a truck rented by Hall to pick up a shipment of marijuana and that he observed Hall receive a bag of cocaine from McCallom. Shawn Foster, another of McCallom's employees, testified that on multiple occasions he saw bundled cash appear in McCallom's office after Hall left, that he delivered marijuana to Hall by leaving it in a van parked in Hall's driveway, and that he once saw what he believed to be bags containing crack cocaine inside Hall's house. Numerous phone conversations played before the jury featured Hall discussing the possession and sale of the eighty-four pounds of marijuana and planning to store a shipment of marijuana

---

[4] Id.

in his business warehouse. Finally, Hall was arrested in Louisiana after being stopped for speeding and found in possession of eight ounces of cocaine and four ounces of marijuana.

Viewing the evidence in the light most favorable to the guilty verdict, a rational trier of fact could have found that the government proved all elements beyond a reasonable doubt, and the evidence is therefore sufficient to support Hall's conviction.

## III

Hall also argues that the district court erred in allowing Gutierrez to testify regarding Hall's drug purchasing habits because the statements were hearsay from McCallom to Gutierrez. The district court held that the statements were admissible as co-conspirator statements under FED. R. EVID. 801(d)(2)(E).

We review the district court's evidentiary rulings for abuse of discretion.[5] Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[6] But a statement is not hearsay if is it is made "by a co-conspirator during the course and in furtherance of the conspiracy."[7] To introduce a co-conspirator statement, the government had to prove by a preponderance of the evidence: (1) the existence of the conspiracy; (2) the statement was made by a co-conspirator of the party; (3) the statement was made during the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy.[8] The court may consider the content of the statement at issue as a factual basis

---

[5] United States v. Moody, 903 F.2d 321, 326 (5th Cir. 1990).

[6] FED. R. EVID. 801(c).

[7] FED. R. EVID. 801(d)(2)(E).

[8] United States v. Cornett, 195 F.3d 776, 782 (5th Cir. 1999).

for these elements.[9] Hall claims that Gutierrez's statements were not made during the course of the conspiracy or in furtherance of the conspiracy.

Assuming arguendo that the district court abused its discretion by allowing the statements into evidence, the error is still subject to the doctrine of harmless error.[10] The error will not require reversal if "beyond a reasonable doubt the error complained of did not contribute to the verdict obtained."[11]

The disputed testimony recounted limited details about Hall's drug purchasing habits: Gutierrez testified that McCallom identified Hall as a customer who would purchase marijuana and cocaine that Gutierrez had provided to McCallom. Gutierrez also testified that McCallom told Gutierrez that Hall was the customer who used a unique form of payment—he would secure $100 bills in $1,000 stacks with rubber bands and then alternate the direction that each stack faced as he created a single, larger stack. Gutierrez testified that he received payment in this manner on at least five occasions.

The challenged portion of Gutierrez's testimony was merely cumulative of other evidence introduced without objection. A number of other witnesses testified—in much greater detail—that Hall purchased illegal drugs from McCallom. Shawn Foster also testified that Hall would pay with the uniquely stacked $100 bills. "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected . . . ."[12] The erroneous introduction of cumulative evidence was harmless error.[13]

---

[9] United States v. Bourjaily, 483 U.S. 171, 181 (1987).

[10] Cornett, 195 F.3d at 785.

[11] Id.

[12] FED. R. EVID. 103(a).

[13] See United States v. Allie, 978 F.2d 1401, 1409 (5th Cir. 1992) ("[T]he videotape was merely cumulative evidence and its introduction constitutes harmless

For these reasons, Hall's conviction is AFFIRMED.

error.").