**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-60554

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GLEN B CLAY, also known as Glenn B Clay

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CR-73-1

Before REAVLEY, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Glen B. Clay appeals his conviction and 235-month sentence for possession of a firearm by a felon. We AFFIRM for the following reasons:

1. The district court did not err by assigning criminal history points for several burglary convictions from 1983. Under U.S.S.G. § 4A1.2, any portion of a sentence served within 15 years of the instant offense brings the prior offense within the criminal history computation. The presentence report summarized each of Clay's earlier convictions and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentences. It revealed that when Clay was paroled in 1990, approximately thirteen years of his prior consecutive sentences had not been served. The report also summarized his 1994 conviction of a new crime, which caused the Mississippi state court to revoke his 1990 parole. By statute, the revocation would have required Clay to serve the "remainder of the sentence originally imposed . . . ." Miss. Code Ann. § 47-7-27. According to the report relied upon by the district judge, the sentences from his 1983 convictions were to be served concurrently with the 1994 sentence. The district judge found that Clay served a portion of the 1983 sentences within 15 years of the instant offense. Because the finding is plausible in light of the record as a whole, there is no clear error. *See United States v. Martinez-Moncivais*, 14 F.3d 1030, 1038 (5th Cir. 1994).

2. Clay's guidelines minimum sentence is not substantively unreasonable. Clay argues that the nature of the offense and his distant criminal record do not justify the sentence. But the district court considered these same arguments and, after considering the factors under 18 U.S.C. § 3553(a), rejected Clay's request for a downward variance because of "the magnitude of [his] criminal history." We see no reason to disturb the presumptively reasonable sentence. *See United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).

3. We see no reversible error in the admission of the ATF agent's testimony. Given the agent's significant qualifications, including his education and law enforcement training and experience, the agent likely would have been qualified to testify as an expert. *See United States v. Ollison*, 555 F.3d 152, 163 (5th Cir. 2009). Moreover, we agree with the Government that the testimony responded to Clay's cross-examination of the police officers on the issue of fingerprint evidence, *see United States v. Darland*, 659 F.2d 70, 72 (5th Cir. 1982), and was cumulative to Clay's

own expert witness, who also testified that fingerprints are not easily recovered from firearms. Even assuming error in the admission of the testimony, it was harmless. *See United States v. Hall*, 500 F.3d 439, 444 (5th Cir. 2007) ("The erroneous introduction of cumulative evidence was harmless error.").

4. The evidence was sufficient to support the conviction. The jury heard evidence that Clay purchased the car the day before his arrest and that police found the car's title in his wallet. The officer who searched the vehicle testified that he could see the butt of the firearm on the floorboard when he opened the car door. A reasonable juror could find beyond a reasonable doubt that Clay knowingly possessed the firearm. *See United States v. Patterson*, 431 F.3d 832, 837 (5th Cir. 2005); *United States v. Pennington*, 20 F.3d 593, 598 (5th Cir. 1998).

5. Finally, there was no error in the jury instructions. As we have already determined, the jury could infer that Clay knowingly possessed the firearm from his ownership or control of a car with a handgun visible underneath the driver's seat. The district court did not abuse its discretion. *See United States v. Redd*, 355 F.3d 866, 873–74 (5th Cir. 2003).

AFFIRMED.