**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 27, 2011

Lyle W. Cayce
Clerk

No. 11-30228
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROCKY GLEN BEASLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CR-244-1

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

Rocky Glen Beasley was convicted by a jury of wire fraud and conspiracy to commit wire fraud. He was sentenced to one year and one day of imprisonment and a two-year term of supervised release. Beasley filed a timely notice of appeal.

Beasley's convictions stem from the staged theft of his Ford F-150 pickup truck by Stephen Yates. The convictions are premised, in pertinent part, on the fact that he made fraudulent representations in a telephone conversation with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a claims adjuster for State Farm Insurance Company denying that he had any knowledge of or involvement with anyone who would have stolen his truck. Beasley argues that, because there was no evidence that he had made a claim for the theft of his truck at the time he had that conversation, the Government failed to prove that he had the intent to defraud required for conviction on either the conspiracy count or the substantive wire fraud count.

We review this argument de novo because Beasley preserved the issue for review by moving for a judgment of acquittal at the close of the Government's case and again at the close of all the evidence. *See United States v. Ollison*, 555 F.3d 152, 158 (5th Cir. 2009). With regard to the element of an intent to defraud, the Government was required to prove only that the telephone call was made in furtherance of a fraudulent scheme and that the telephone call was material to the scheme. *See United States v. Valencia*, 600 F.3d 389, 431 (5th Cir.), *cert. denied*, 131 S. Ct. 285 (2010). In other words, the Government had to prove "that completion of the alleged scheme depended in some way on the information . . . that passed through the wire." *United States v. Dowl*, 619 F.3d 494, 499 (5th Cir. 2010) (internal quotation marks, citations, and alterations omitted).

According to the evidence adduced at trial, Beasley and Yates prearranged the staged theft of Beasley's truck. The normal claims procedure at State Farm sees a policy holder call his agent to report a claim and the agent, in turn, reporting the claim to the insurance company. An insurance claim is then set up and assigned to an adjuster who contacts the policy holder and investigates the claim. The insurance adjuster with whom Beasley had the telephone conversation at issue would have had no occasion to speak to Beasley absent an insurance claim having been made. Additionally, no claim for the loss of Beasley's truck could have proceeded absent the telephone conversation. The fact that the indictment alleged that the conversation was had for the purpose of initiating an insurance claim was mere surplusage. *See Valencia*, 600 F.3d at

432. Viewing the evidence in the light most favorable to the jury's verdict, as we must, we conclude that a rational juror drawing reasonable inferences could have found beyond a reasonable doubt that the Government proved the element of intent necessary to sustain Beasley's convictions. *See id.* at 431; *see United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008).

The district court admitted, without objection from Beasley, a redacted copy of Beasley's cellular telephone bill that included activity between the dates of December 13, 2006, through January 12, 2007. The redacted bill was accompanied by a certificate of authentication and showed cellular activity only between the dates of December 23 and 24, 2006. The Government later attempted to introduce an unredacted copy of the bill, which the district court excluded on the basis that its veracity had not been authenticated. Later, after the Government established, through Beasley's testimony, that Beasley received the bill copy from the cellular provider, that it was his, and that it accurately reflected his cellular activity, the district court allowed the admission of the bill copy into evidence. The Government used the bill, in part, to show that Beasley and Yates had been in contact via telephone several days prior to the staged theft of Beasley's truck.

Beasley argues that the admission of the unredacted bill copy was erroneous, that such error was not harmless, and that it requires reversal of his conviction. A properly authenticated telephone bill can be admissible under the business records exception to the hearsay exclusion rule. *See United States v. Vela*, 673 F.2d 86, 89 (5th Cir. 1982) (citing FED. R. EVID. 803(6)). To the extent the exhibit was a business record for Rule 803(6), Beasley's testimony was sufficient to authenticate the unredacted bill copy. *See United States v. Wake*, 948 F.2d 1422, 1434 (5th Cir. 1991); FED. R. EVID. 901(a). The exhibit could also reasonably have been admitted under Rule 801(d)(2)(B) or (D). Accordingly, the district court did not abuse its discretion in admitting the evidence. *See United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011). Even if we were to assume

that there was error, such error was harmless in light of the other, overwhelming evidence of Beasley's guilt that was introduced at trial and the cumulative nature of the evidence. *See United States v. Hawley*, 516 F.3d 264, 268 (5th Cir. 2008); *United States v. Hall*, 500 F.3d 439, 444 & n.13 (5th Cir. 2007).

AFFIRMED.