**REVISED FEBRUARY 10, 2014**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60328
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2014

Lyle W. Cayce
Clerk

BETTYE BARNES,

Plaintiff–Appellant,

v.

BTN, INCORPORATED, doing business as Boomtown Casino,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CV-34

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff Bettye Barnes appeals the district court's entry of judgment as a matter of law in favor of Defendant Boomtown Casino on her premises liability claim. For the reasons set forth below, we dismiss the appeal in part and affirm the judgment of the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60328

# I

Barnes was a patron at the Boomtown Casino in Biloxi, Mississippi on February 6, 2009 through February 7, 2009.  In the early morning hours of February 7, Barnes and two companions left the Grill Café, a second-floor restaurant within the casino, and proceeded to an escalator.  They descended down that escalator to the first floor.  While on the escalator, however, Barnes lost her balance and fell backwards, allegedly sustaining serious injuries.

Barnes filed this lawsuit against Boomtown, proceeding pro se, seeking compensation for the injuries she allegedly suffered.  Her complaint contended that the reason for her fall was that she "slipped on grease and french fries" that she picked up on her shoes from the floor of the Grill Café.  The district court held a trial on April 15, 2013.  Barnes rested her case-in-chief after two days and Boomtown moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a)(1).  The district court granted this motion on the grounds that Barnes had failed to present legally sufficient evidence of Boomtown's negligence.  The district court also stated that, in the alternative, Barnes had failed to present legally sufficient evidence on the elements of damages and proximate cause.  Barnes now appeals this judgment along with other rulings of the district court.

# II

At the outset, we note that we construe pro se appellants' briefs liberally and apply less stringent standards to parties proceeding pro se than to parties represented by counsel.[1]  But pro se parties must still brief the issues and reasonably comply with the Rules of Appellate Procedure.[2]  Granting Barnes's

---

[1] *Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995)).

[2] *Id.*

No. 13-60328

briefs this permissive construction, Barnes raises five issues on appeal: that the district court erred in granting judgment as a matter of law, that the district court erred in limiting or excluding certain testimony by Barnes's lay witnesses, that the district court erred in excluding certain medical and damages experts, that the district court should have granted Barnes a continuance, and finally, that the magistrate judge was impermissibly biased due to an alleged prior affiliation with the law firm representing the defendant.[3] We address these arguments in turn.

## A

The first two issues raised by Barnes on appeal, that the district court erred in granting judgment as a matter of law and in limiting the testimony of certain witnesses at trial, cannot be reviewed by this court as Barnes has failed to provide this court with a trial transcript as required by Federal Rule of Appellate Procedure 10(b).  Even though this court granted Barnes an additional 15 days, on November 25, 2013, to order a transcript, she nevertheless failed to do so.  While we construe the briefs of pro se litigants leniently, it is within this court's discretion to dismiss an appeal for failure to include a transcript.[4]

An inquiry into the appropriateness of a district court's order granting judgment as a matter of law turns on whether there was a legally sufficient

---

[3] Boomtown alleges that the ruling on the Judgment as a Matter of Law is the only issue on appeal as it is the only order listed on the Notice of Appeal.  Federal Rule of Appellate Procedure 3(c)(1)(B) requires that a notice of appeal must "designate the judgment, order, or part thereof being appealed."  However, we generously interpret the scope of the notice of appeal of a pro se plaintiff and "require a showing of prejudice to preclude review of issues 'fairly inferred' from the notice and subsequent filings." *Williams v. Henagan*, 595 F.3d 610, 616 (5th Cir. 2010) (per curiam) (quoting *Morin v. Moore*, 309 F.3d 316, 321 (5th Cir. 2002)). "We consider not only the notice, but also the appellant's brief, in determining the fairly inferred scope of the appeal." *Id.*  As such, we consider all of these issues properly raised on appeal.

[4] *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1289 (5th Cir. 1995).

No. 13-60328

evidentiary basis for a reasonable jury to find for the opposing party.[5]  But an appellant who "intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence . . . must include in the record a transcript of all evidence relevant to that finding or conclusion."[6]

Barnes's appeal of the district court's order granting judgment as a matter of law simply cannot be resolved without the aid of a trial transcript.[7] It is impossible to divine whether she presented sufficient evidence at trial to survive a motion for judgment as a matter of law without any record of the evidence presented at trial.  Additionally, Barnes's appeal of the district court's exclusion of certain testimony at trial can also not be resolved without the aid of a trial transcript.  Without a record of the specific testimony that was excluded, there is no way to determine whether the exclusion was appropriate or proper.[8]  Therefore, because Barnes has failed to order a trial transcript, her appeal as to these issues is dismissed and the scope of our review is limited to Barnes's challenges of rulings by the district court that do not depend on having a transcript of the trial proceedings.

**B**

Barnes appeals a number of the district court's pre-trial evidentiary rulings.  The district court excluded testimony by Barnes's damages and medical experts, prohibited the submission of medical records not produced in

---

[5] *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 272 (5th Cir. 2012).

[6] FED. R. APP. P. 10(b)(2).

[7] *Richardson v. Henry*, 902 F.2d 414, 415-16 (5th Cir. 1990) (dismissing an appeal of the sufficiency of the evidence because the appellant failed to provide a trial transcript); *see also McNeil v. BMC Software Inc.*, 306 F. App'x 889, 892-93 (5th Cir. 2009) ("This Court cannot conduct meaningful appellate review of a district court's decision to grant judgment as a matter of law without the testimony that would support or refute that determination.").

[8] *Cf. Grant v. McLeod*, No. 94-10036, 1994 WL 523792, at *1 (5th Cir. Sept. 12, 1994) (unpublished) ("[W]ithout the trial transcript, the Court cannot determine whether their testimony would have been cumulative and properly excluded.").

4

discovery, and forbade any of Barnes's lay witnesses from offering expert opinions. We note at the outset that pro se plaintiffs are still charged with knowing and following the law and the rules of procedure.[9]

The district court granted Boomtown's motion to exclude the testimony of two damages experts designated by Barnes: Jerry L. Pough and Floyd Pough. The Poughs were small-business consultants that Barnes intended to testify regarding "[l]oss of wages, present value of damages, medical expenses, life care plan, and loss of earning capacity." The district court granted the motion to exclude on two alternative grounds: Barnes failed to comply with Rule 26 of the Federal Rules of Civil Procedure and Barnes failed to show that "the proffered testimony [was] reliable" under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[10] Barnes did not submit any expert reports or opinions, and did not disclose any data, methodology, or reasoning that would substantiate or form the basis for the testimony. In fact, the designation of the Poughs as experts contained a statement from the Poughs that read, "Pough and Associates do not profess to be experts." The district court's decision to exclude the testimony came six months after the magistrate judge had previously warned Barnes that she must comply with Rule 26 of the Federal Rules of Civil Procedure and had threatened that "her expert designation may be stricken" if she did not comply.

If a party fails to properly and timely designate an expert witness, Federal Rule of Civil Procedure 37 prohibits the use of that witness to supply evidence at trial unless the failure was "substantially justified or harmless."[11] In reviewing the district court's ruling, we consider four factors: (1) the

---

[9] *See Teemac v. Henderson*, 298 F.3d 452, 457 & n.11 (5th Cir. 2002).

[10] 509 U.S. 579 (1993).

[11] *Brumfield v. Hollins*, 551 F.3d 322, 330 (5th Cir. 2008).

explanation for the failure to comply with the Rules; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.[12]  We review a district court's decision to exclude experts not properly designated for an abuse of discretion.[13]

Under this four-factor test, we conclude that the district court did not abuse its discretion in excluding the testimony of the Poughs.  Barnes offered no explanation at the trial court and does not offer one on appeal as to why she failed to comply with Rule 26(a)(2).  Barnes has also presented no evidence as to why the Poughs testimony would have been important to her case.  But even if we assume that the Poughs testimony was significant to Barnes's case for proving damages, the exclusion of the testimony did not prejudice Barnes's substantial rights.  Even if compliance with Rule 26 were excused, the district court's exclusion of their testimony would still have been justified under *Daubert*.  "The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the rule 702 test" by showing that it is both "reliable and relevant."[14]  Barnes presented no evidence of reliability at the district court.  Further, the fact that the testimony could have been central to proving damages only bolsters our conclusion that the testimony needed to be properly grounded and introduced so that Boomtown could reasonably respond to it.[15]  Finally, a continuance would not have solved this defect.  Barnes was provided with ample opportunity and leeway to comply

---

[12] *Id.*; *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

[13] *United States v. Hall*, 500 F.3d 439, 443 (5th Cir. 2007).

[14] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-61 (5th Cir. 2002).

[15] *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) ("We shall assume *arguendo* that expert testimony was significant to Geiserman's case—so much the more reason to be sure its introduction was properly grounded.").

with Rule 26. The magistrate judge had already granted her an extension to properly designate her experts. And, as mentioned above, the fact that the Poughs denied being experts at all belies any argument that time was the only obstacle to the Poughs' testimony. In sum, Barnes's failure to designate her experts properly is not excused and the district court did not abuse its discretion by excluding her experts.

Barnes also appeals the district court's exclusion of the expert testimony of medical physicians that were not timely or properly designated. Barnes listed several physicians in her initial disclosures but did not originally designate them as experts. In excluding their testimony, the district court explained that, "[t]he record before the Court, including Plaintiff's disclosures, does not include statements or summaries of opinions of any of the physicians she has listed. These experts were not, and have not been properly designated and, as a result, will not be permitted to testify as experts during trial." Barnes purported to designate these physicians as experts in her "Answer to Defendant's Supplement of Experts" simply by listing their names and addresses. No expert reports, opinions, resumes, or any other materials designating them as experts were filed in the district court. Barnes has made no attempt to explain her failure to comply with the Federal Rules, nor has she presented any evidence that the proposed testimony would pass muster under *Daubert*. Further this designation occurred five months after the end of the discovery window. It was not an abuse of discretion to prevent these physicians from testifying as experts.[16]

---

[16] *See Barrett*, 95 F.3d at 382 ("Appellants' repeated dilatory behavior even in the face of explicit warnings and the apparent inability of the experts to produce relevant opinions within the specified time frame renders hollow any claims of unfair prejudice.").

No. 13-60328

Barnes assails other of the district court's pre-trial evidentiary rulings, but all are similarly non-persuasive. "Generally, we review a district court's evidentiary rulings for an abuse of discretion."[17] Barnes challenges the district court's ruling that she could not enter certain medical records into evidence. The district court's ruling, however, only prevented Barnes from entering medical records not produced in discovery into evidence—and she had successfully produced extensive medical records and bills in connection with her disclosures. The district court also prohibited Barnes or her lay witnesses from testifying to the content of these medical records unless such testimony was consistent with the Rules of Evidence. Contrary to Barnes's assertion, adherence to the Rules of Evidence does not abridge her First Amendment rights. The district court did not abuse its discretion in making either of these rulings and Barnes does not point to any specific statements or documents that she alleges should have been admitted into evidence.

## C

Barnes appeals the district court's denial of a continuance of the trial date. Barnes moved for a continuance alleging health problems and that she required more time to respond to Boomtown's discovery production. The district court denied this motion because "[t]he parties [had] been aware of the pending trial date for nearly a year." We review a district court's denial of a motion for a continuance for an abuse of discretion.[18] "[T]he movant must show that the denial [of the continuance] resulted in specific and compelling or serious prejudice" in order to demonstrate an abuse of discretion.[19] On appeal,

---

[17] *Anderson v. Siemens Corp.*, 335 F.3d 466, 471 (5th Cir. 2003).

[18] *United States v. Walters*, 351 F.3d 159, 170 (5th Cir. 2003).

[19] *United States v. Barnett*, 197 F.3d 138, 144 (5th Cir. 1999) (internal quotation marks omitted).

No. 13-60328

Barnes alleges generally that the denial of the continuance prejudiced her because she was not "mentally capable of representing herself" at the time of trial. However, Barnes fails to present any specific facts that suggest that she was seriously prejudiced by the district court's denial. Nor does she demonstrate with any specificity that she was prejudiced by the failure of Boomtown to produce certain discovery information at an earlier time. Without more than general allegations of injury, we conclude that the district court did not abuse its discretion in denying the continuance.

## D

Finally, Barnes alleges that the magistrate judge assigned to this case previously worked for the defense counsel's law firm and therefore had a conflict of interest in participating in this case that prejudiced Barnes. Barnes does not present any evidence of this allegation. Further, Barnes never moved at the district court level for the magistrate judge to be recused, and this argument is waived.[20] Finally, even if this allegation were true, prior employment at a law firm representing a litigant before the court does not create a per se requirement of recusal and evidence of bias must be presented.[21]

\* \* \*

For the foregoing reasons, the appeal is DISMISSED IN PART and the judgment of the district court is AFFIRMED.

---

[20] *Stephenson v. Paine Webber Jackson & Curtis, Inc.*, 839 F.2d 1095, 1096 n.3 (5th Cir. 1988) (stating that plaintiff waives recusal challenge by not raising it until appeal).

[21] *Cf. Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 482-84 (5th Cir. 2003) (finding that a judge did not abuse his discretion when he denied plaintiffs' motion to recuse himself because of previous employment with counsel representing the defendant in earlier litigation).