# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30939
c/w No. 14-31057
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL D. BRUMFIELD,

Defendant - Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:01-CR-141-1
USDC No. 2:13-CR-94-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Michael D. Brumfield challenges his jury-trial convictions for conspiracy to distribute, and possess, with intent to distribute, 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, and possession of a quantity of cocaine hydrochloride, with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Brumfield asserts the court

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

abused its discretion in admitting evidence of his 1993, 1997, and 2002 convictions for cocaine-related offenses, as well as the testimony of a co-conspirator concerning these drug dealings in 2001.

He also challenges the revocation of his supervised release related to a prior conviction for distribution of cocaine base. He maintains this revocation should be vacated because it is based on the above-referenced jury-trial convictions, which, according to Brumfield, must be reversed.

Federal Rule of Evidence 404(b)(1) precludes the admission of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character". On the other hand, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident". Fed. R. Evid. 404(b)(2).

For such evidence to be admissible, a court must first determine "that the extrinsic offense evidence is relevant to an issue other than the defendant's character". *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). Along that line, Brumfield concedes the relevance of his prior convictions. "Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." *Id.* Evidentiary rulings are reviewed for abuse of discretion. *E.g.*, *United States v. Kinchen*, 729 F.3d 466, 470 (5th Cir. 2013).

Although Brumfield contends he was harmed because the evidence of his prior convictions amounted to propensity evidence due to the respective ages of the prior convictions and the similarities between the offenses, our court has emphasized that the test under the prejudice prong of *Beechum* "is whether the probative value of the evidence is *substantially* outweighed by its *unfair*

prejudice". *United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009) (emphasis in original) (internal quotation marks omitted). Brumfield's prior convictions for possession of cocaine and distribution of cocaine base were probative of his knowledge of the drug and his intent to distribute. *E.g., United States v. Gadison*, 8 F.3d 186, 192 (5th Cir. 1993).

Further, admission of Brumfeld's prior convictions was permissible despite their remoteness in time. "[T]he amount of time that has passed since the previous conviction is not determinative". *United States v. Arnold*, 467 F.3d 880, 885 (5th Cir. 2006). Our court has upheld the introduction of a nearly 18-year-old prior conviction. *See, e.g., United States v. Hernandez-Guevara*, 162 F.3d 863, 872-73 (5th Cir. 1998). By comparison, two of Brumfield's prior convictions occurred about 11 and 16 years, respectively, before the charged offenses. And, although the 1993 conviction's remoteness weakens its probative value, the age of that extrinsic offense does not serve as a *per se* bar to admission. *See United States v. Wallace*, 759 F.3d 486, 494-95 (5th Cir. 2014). Moreover, Brumfield's not-guilty plea, his attack on the credibility of the alleged co-conspirators who testified against him, and his theory of defense that the physical evidence against him was planted "enhance[] the probity of the prior offense evidence by placing his intent and state of mind at issue". *United States v. Buchanan*, 70 F.3d 818, 831 (5th Cir. 1995).

Furthermore, the extrinsic offenses were not of such a "heinous nature" that they would "incite the jury to irrational decision by [their] force on human emotion". *Beechum*, 582 F.2d at 917. The district court minimized the danger of unfair prejudice by instructing the jury regarding the limited purposes for which it could consider the evidence. *Cf. United States v. Booker*, 334 F.3d 406, 412 (5th Cir. 2003). In sum, the district court did not abuse its discretion.

No. 14-30939
c/w No. 14-31057

Regarding the testimony by a co-conspirator, Brumfield challenges the admission of Jeffrey Michele's testimony that, in 2001, he supplied Brumfield with cocaine, which Brumfield redistributed. Prior to trial, the court ruled background-information testimony of Brumfield's co-conspirators was intrinsic and, thus, did not implicate Rule 404(b). Evidence is considered intrinsic when it is inextricably intertwined with the evidence of the charged crime, when both acts are part of a single criminal episode, or when it was a necessary preliminary to the charged crime. *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007).

Even if the court erred by admitting this testimony by Jeffrey Michele, the error is harmless. *E.g., United States v. Hawley*, 516 F.3d 264, 267-68 (5th Cir. 2008). The evidence showed: from 2010 through April 2013, Sam Michele, the brother of Jeffrey Michele, regularly supplied cocaine to Brumfield (and others) on consignment; immediately preceding his arrest, Brumfield possessed an amount of cocaine, cash, and other evidence indicative of distribution, not personal use; and Brumfield had obtained from Sam Michele the cocaine discarded during the police chase. In the light of overwhelming evidence of Brumfield's guilt of the charged offenses, any error in admitting evidence of the 2001 drug dealings between Brumfield and Jeffrey Michele was harmless. *See, e.g., id.* at 268-69.

As Brumfield has not shown the challenged convictions must be reversed, he has not shown that the court abused its discretion by revoking his supervised release. *See United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995).

AFFIRMED.