# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41637

UNITED STATES OF AMERICA,

>   Plaintiff - Appellee

v.

VALENTIN MUNIZ-SAAVEDRA,

>   Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-736-1

Before BARKSDALE, GRAVES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

On August 31, 2013, Defendant-Appellant Valentin Muniz-Saavedra ("Muniz") drove across the Mexico-United States border crossing at Brownsville, Texas. Law enforcement found approximately 18 kilograms of cocaine and 5.5 kilograms of methamphetamine concealed in his vehicle. The drugs were worth several hundred thousand dollars. Muniz's defense was that he did not know that drugs were concealed inside the vehicle.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41637

At trial, Oscar Lara, a special agent with the Department of Homeland Security testified, over objection, that he observed Muniz snorting, sniffing, and wiping his nose.  Lara testified that, in his experience, Muniz's conduct indicated cocaine use.  Further, Lara testified that, when confronted, Muniz admitted to using cocaine.  At that point, Muniz successfully moved for a limiting instruction that the evidence was "not to be considered for general character or trustworthiness of the witness and it's solely for the issue of motive in this case."  Muniz later testified that he last used cocaine on July 8 or 9, 2013, when he purchased a small amount from a neighbor.

Later in the trial, Louis Mihalos, another agent with the Department of Homeland Security, testified that Muniz had not been truthful during his initial questioning.  Mihalos testified that Muniz was dishonest about his phone communications with the alleged mastermind trafficker.  Mihalos told the jury, over objection, that Muniz "was not being truthful."

Muniz was convicted by a jury of possession with intent to distribute cocaine, possession with intent to distribute methamphetamine, importation of cocaine, and importation of methamphetamine.  He appealed, principally arguing that (1) the district court erred by admitting evidence that Muniz personally used cocaine and (2) the district court erred by permitting an agent to testify that Muniz was untruthful.  We affirm.

I

Muniz first argues that the district court erred by allowing the Government, under Rule 404(b) of the Federal Rules of Evidence, to introduce evidence of Muniz's personal use of cocaine.  We hold that any error was harmless; but note that the threshold question of whether personal drug use, standing alone, is relevant to show motive, intent, or knowledge in a drug importation or trafficking case has received unsettled treatment by our court. *Compare United States v. McDonald*, 905 F.2d 871, 875 (5th Cir. 1990)

2

("[T]here is a large leap from evidence that McDonald in the past used cocaine and speed to an inference that he therefore likely knew his car contained marijuana that day.  The leap is too large."), *with United States v. Gadison*, 8 F.3d 186, 192 (5th Cir. 1993) ("A prior conviction for possession of cocaine is probative of a defendant's intent when the charge is conspiracy to distribute."). Other circuits have also split on the issue.  *See, e.g.*, *United States v. Davis*, 726 F.3d 434, 445 (3d Cir. 2013) (joining the Sixth, Seventh, and Ninth Circuits in holding that a possession conviction is inadmissible to prove intent to distribute and explicitly disagreeing with this court's opposite conclusion in *Gadison*, the Eighth, and Eleventh Circuits); *United States v. Haywood*, 280 F.3d 715, 721 (6th Cir. 2002) (rejecting *Gadison*).  Other circuits have operated under the assumption that we follow the *Gadison* rule that prior drug use is relevant.  *See, e.g.*, *Davis*, 726 F.3d at 445; *Haywood*, 280 F.3d at 721; *United States v. Butler*, 102 F.3d 1191, 1196 (11th Cir. 1997).  This assumption may be based on the fact that we appear to follow *Gadison* more than we follow *McDonald*.  *See, e.g.*, *United States v. Brumfield*, 615 F. App'x 177, 178 (5th Cir. 2015) (unpublished); *United States v. Wallace*, 759 F.3d 486, 494 (5th Cir. 2014); *United States v. Ordonez*, 286 F. App'x 224, 231 (5th Cir. 2008) (unpublished); *United States v. Duffaut*, 314 F.3d 203, 209 (5th Cir. 2002). Because we find that any error here was harmless, we need not address these legal complexities; down the line, however, this apparent conflict will require resolution.

"In a harmless error examination, we view the error in relation to the entire proceeding, not merely in isolation." *United States v. Hawley*, 516 F.3d 264, 268 (5th Cir. 2008) (citing *United States v. Williams*, 957 F.2d 1238, 1244 (5th Cir. 1992)).  "Reversal is not required unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction." *Id.*  "Put another way, we will not reverse a conviction if beyond a

No. 15-41637

reasonable doubt the error complained of did not contribute to the verdict obtained." *United States v. El-Mezain*, 664 F.3d 467, 526 (5th Cir. 2011) (internal quotation marks omitted) (quoting *United States v. Hall*, 500 F.3d 439, 443 (5th Cir. 2007)).

Any error in admitting the personal-cocaine-use evidence was harmless because the Government presented overwhelming evidence of Muniz's knowledge of the drugs. *See United States v. Ramos-Rodriguez*, 809 F.3d 817, 824 (5th Cir. 2016) (finding that any 404(b) error in admitting evidence of the defendant's past personal drug use was harmless because of the Government's "overwhelming evidence"). Indeed, the evidence here mimicked the evidence in a number of cases where we found that admitting evidence of prior bad acts was harmless. For example, Muniz was found with a large quantity of drugs (18 kilograms of cocaine and 5.5 kilograms of methamphetamine), *see id.* at 824, was nervous during his initial questioning, *see Hawley*, 516 F.3d at 268 (citing *Williams*, 957 F.2d at 1243), gave inconsistent statements to the investigating officers, *see United States v. Garcia-Gracia*, 324 F. App'x 286, 294 (5th Cir. 2009) (unpublished), ultimately presented an implausible explanation of his conduct to the jury, *see id.*, and had a number of suspicious connections to the person Muniz claims masterminded the trafficking (including renting a house for the alleged mastermind trafficker). Moreover, the risk that the jury may have impermissibly relied on the personal-drug-use evidence was lessened by the district court's giving limiting instructions, both when the drug-use evidence was admitted and before closing arguments began. *See United States v. Gordon*, 780 F.2d 1165, 1174 (5th Cir. 1986). Finally, that the jury rendered a particularized verdict convicting on only some counts suggests that the jury did not harbor improper animus toward Muniz. Accordingly, viewing the trial evidence as a whole, we hold that admitting the evidence that Muniz had previously used cocaine was harmless.

No. 15-41637

II

Muniz next argues that the district court erred by allowing an agent to testify that Muniz did not truthfully respond to the agent's questions regarding Muniz's prior communications with the alleged mastermind trafficker. Muniz argues that the district court erred by either allowing the agent to express an unhelpful opinion to the jury or allowing the lay, agent witness to testify as an expert in credibility.

As we previously explained, the Government adduced overwhelming evidence of Muniz's guilt. Moreover, the agent's statement to the jury that Muniz was being dishonest was cumulative. "Where objected to testimony is cumulative of other testimony that has not been objected to, the error that occurred is harmless." *United States v. Griffin*, 324 F.3d 330, 348 (5th Cir. 2003). Here, the agent testified about both the dishonest statements that Muniz made and the underlying facts demonstrating the dishonesty. That is, "[t]he record contained enough other information for the jurors to reach the same conclusion" about Muniz's dishonesty as the agent did. *United States v. Churchwell*, 807 F.3d 107, 119 (5th Cir. 2015). Accordingly, the agent's opinion testimony concerning Muniz's dishonesty was "merely cumulative of what was already showcased in the record." *Id.*

III

We have considered Muniz's remaining arguments and find them without merit. We AFFIRM.

5

No. 15-41637

JAMES E. GRAVES, JR., Circuit Judge, dissenting in part:

The district court erred in admitting evidence of Muniz-Saavedra's personal use of cocaine. This error was not harmless. Because I would reverse the district court in part, I respectfully dissent in part.

Rule 404(b)(1) states: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, the evidence may be admissible for other reasons, including "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

This court applies the test outlined in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978), to determine the admissibility of evidence under Rule 404(b). The evidence must be relevant to an issue other than character and the probative value cannot be substantially outweighed by the undue prejudice. *Id.* The test for relevancy follows the standard set out in Rule 401. Fed. R. Evid. 401. Relevant evidence may be excluded if there is a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" substantially outweighing the probative value. Fed. R. Evid. 403.

This court's precedent clearly supports the conclusion that Muniz-Saavedra's personal use of cocaine was not relevant to his intent and its probative value was substantially outweighed by undue prejudice. *See United States v. McDonald*, 905 F.2d 871 (5th Cir. 1990). Further, as this court said in *McDonald*, "[w]e think this evidence was only truly probative of McDonald's character – i.e., a drug user is more likely to be involved in a deal like this than a non-drug user." Id. at 875. That is exactly what the government argued here at trial – that Muniz-Saavedra was more likely to be involved in this because he had used cocaine, saying: "[O]ur position is that if he's a user of cocaine,

6

well, then he necessarily has to possess that cocaine to use that cocaine. If he possesses that cocaine, well, he possesses it in violation of law."

Notwithstanding that someone may ingest drugs without prior possession, there is no evidence here indicating that Muniz-Saavedra was receiving any cocaine pursuant to this incident or had used cocaine for nearly two months. Further, the government acknowledged at trial that, "[t]here are no other statements from the Defendant anywhere indicating or – to agents that he knew about the cocaine in the vehicle."

With regard to whether the cocaine use was relevant to show his financial motive for committing the offenses, this court follows the test in *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013).

> We consider several factors in determining whether the prejudicial effect of the extrinsic evidence substantially outweighs its probative value: (1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions.

*Id.*

The government had no need for the evidence of drug use because they had other evidence – the line of credit at the furniture store[1] – which they claim shows financial motive. The cocaine use was only truly probative of Muniz-Saavedra's character, "i.e., a drug user is more likely to be involved in a deal like this than a non-drug user." *McDonald*, 905 F.2d 875. Further, there is no indication of whether the limiting instruction diminished the prejudicial effect or to what extent. *Kinchen*, 729 F.3d at 474. As for the amount of time separating the offenses, Muniz-Saavedra said that he had last used cocaine on July 8 or 9, 2013, on the anniversary of his brother-in-law's death. He was

---

[1] Muniz-Saavedra had a less than $200 monthly payment that had been consistent for some three years.

arrested at the border check point on August 31, 2013.  All of these factors support the conclusion that that the probative value was substantially outweighed by undue prejudice.  *See also* Fed. R. Evid. 403.

For these reasons, I would conclude that the district court erred in allowing the admission of evidence of Muniz-Saavedra's personal use of cocaine.  Further, I would conclude that the error was not harmless.

An error is harmless unless it affects a defendant's substantial rights. See Fed. R. Crim. P. 52(a); *see also McDonald*, 905 F.2d at 876.  "An error affects substantial rights if there is a reasonable probability that the improperly admitted evidence contributed to the conviction."  *United States v. Sumlin*, 489 F.3d 683, 688 (5th Cir. 2007).  Muniz-Saavedra's testimony and assertions were much more credible and plausible than McDonald's.

"The leap is too large" between evidence that Muniz-Saavedra used cocaine in the past and "an inference that he therefore likely knew [the van] contained drugs."  *See McDonald*, 905 F.2d at 875.  Based on all of this, there's a reasonable probability that the improperly admitted evidence of cocaine use contributed to Muniz-Saavedra's conviction.  Accordingly, the error was not harmless.

Thus, I respectfully dissent in part.