*217 STEPHEN A. HIGGINSON, Circuit Judge: *
On August 31, 2013, Defendant-Appellant Valentin Muniz-Saavedra (“Muniz”) drove across the Mexico-United States border crossing at Brownsville, Texas. Law enforcement found approximately 18 kilograms of cocaine and 5.5 kilograms of methamphetamine concealed in his vehicle. The drugs were worth several hundred thousand dollars. Muniz’s defense was that he did not know that drugs were concealed inside the vehicle.
At trial, Oscar Lara, a special agent with the Department of Homeland Security testified, over objection, that he observed Muniz snorting, sniffing, and wiping his nose. Lara testified that, in his experience, Muniz’s conduct indicated cocaine use. Further, Lara testified that, when confronted, Muniz admitted to using cocaine. At that point, Muniz successfully moved for a limiting instruction that the evidence was “not to be considered for general character or trustworthiness of the witness and it’s solely for the issue of motive in this case.” Muniz later testified that he last used cocaine on July 8 or 9, 2013, when he purchased a small amount from a neighbor.
Later in the trial, Louis Mihalos, another agent with the Department of Homeland Security, testified that Muniz had not been truthful during his initial questioning. Mihalos testified that Muniz was dishonest about his phone communications with the alleged mastermind trafficker. Mihalos told the jury, over objection, that Muniz “was not being truthful.”
Muniz was convicted by a jury of possession with intent to distribute cocaine, possession with intent to distribute methamphetamine, importation of cocaine, and importation of methamphetamine. He appealed, principally arguing that (1) the district court erred by admitting evidence that Muniz personally used cocaine and (2) the district court erred by permitting an agent to testify that Muniz was untruthful. We affirm.
I
Muniz first argues that the district court erred by allowing the Government, under Rule 404(b) of the Federal Rules of Evidence, to introduce evidence of Muniz’s personal use of cocaine. We hold that any error was harmless; but note that the threshold question of whether personal drug use, standing alone, is relevant to show motive, intent, or knowledge in a drug importation or trafficking case has received unsettled treatment by our court. Compare United States v. McDonald, 905 F.2d 871, 875 (5th Cir. 1990) (“[T]here is a large leap from evidence that McDonald in the past used cocaine and speed to an inference that he therefore likely knew his car contained marijuana that day. The leap is too large.”), with United States v. Gadison, 8 F.3d 186, 192 (5th Cir. 1993) (“A prior conviction for possession of cocaine is probative of a defendant’s intent when the-charge is conspiracy to distribute.”). Other circuits have also split on the issue. See, e.g., United States v. Davis, 726 F.3d 434, 445 (3d Cir. 2013) (joining the Sixth, Seventh, and Ninth Circuits in holding that a possession conviction is inadmissible to prove intent to distribute and explicitly disagreeing with this court’s opposite conclusion in Gadison, the Eighth, and Eleventh Circuits); United States v. Haywood, 280 F.3d 715, 721 (6th Cir. 2002) (rejecting Gadison). Other circuits have operated un *218 der the assumption that we follow the Ga-dison rule that prior drug use is relevant. See, e.g., Davis, 726 F.3d at 445; Haywood, 280 F.3d at 721; United States v. Butler, 102 F.3d 1191, 1196 (11th Cir. 1997). This assumption may be based on the fact that we appeal’ to follow Gadison more than we follow McDonald. See, e.g., United States v. Brumfield, 615 Fed.Appx. 177, 178 (5th Cir. 2015) (unpublished); United States v. Wallace, 759 F.3d 486, 494 (5th Cir. 2014); United States v. Ordonez, 286 Fed.Appx. 224, 231 (5th Cir. 2008) (unpublished); United States v. Duffaut, 314 F.3d 203, 209 (5th Cir. 2002). Because we find that any error here was harmless, we need not address these legal complexities; down the line, however, this apparent conflict will require resolution.
“In a harmless error examination, we view the error in relation to the entire proceeding, not merely in isolation.” United States v. Hawley, 516 F.3d 264, 268 (5th Cir. 2008) (citing United States v. Williams, 957 F.2d 1238, 1244 (5th Cir. 1992)). “Reversal is not required unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction.” Id. “Put another way, we will not reverse a conviction if beyond a reasonable doubt the error complained of did not contribute to the verdict obtained.” United States v. El-Mezain, 664 F.3d 467, 526 (5th Cir. 2011) (internal quotation marks omitted) (quoting United States v. Hall, 500 F.3d 439, 443 (5th Cir. 2007)).
Any error in admitting the personal-cocaine-use evidence was harmless because the Government presented overwhelming evidence of Muniz’s knowledge of the drugs. See United States v. Ramos-Rodriguez, 809 F.3d 817, 824 (5th Cir. 2016) (finding that any 404(b) error in admitting evidence of the defendant’s past personal drug use was harmless because of the Government’s “overwhelming evidence”). Indeed, the evidence here mimicked the evidence in a number of cases where we found that admitting evidence of prior bad acts was harmless. For example, Muniz was found with a large quantity of drugs (18 kilograms of cocaine and 5.5 kilograms' of methamphetamine), see id. at 824, was nervous during his initial questioning, see Hawley, 516 F.3d at 268 (citing Williams, 957 F.2d at 1243), gave inconsistent statements to the investigating officers, see United States v. Garcia-Gracia, 324 Fed. Appx. 286, 294 (5th Cir. 2009) (unpublished), ultimately presented an implausible explanation of his conduct to the jury, see id., and had a number of suspicious connections to the person Muniz claims masterminded the trafficking (including renting a house for the alleged mastermind trafficker). Moreover, the risk that the jury may have impermissibly relied on the personal-drug-use evidence was lessened by the district court’s giving limiting instructions, both when the drug-use evidence was admitted and before closing arguments began. See United States v. Gordon, 780 F.2d 1165, 1174 (5th Cir. 1986). Finally, that the jury rendered a particularized verdict convicting on only some counts suggests that the jury did not harbor improper animus toward Muniz. Accordingly, viewing the trial evidence as a whole, we hold that admitting the evidence that Muniz had previously used cocaine was harmless.
II
Muniz next argues that the district court erred by allowing an agent to testify that Muniz did not truthfully respond to the agent’s questions regarding Muniz’s prior communications with the alleged mastermind trafficker. Muniz argues that the district court erred by either allowing the agent to express an unhelpful opinion *219 to the jury or allowing the lay, agent witness to testify as an expert in credibility.
As we previously explained, the Government adduced overwhelming evidence of Muniz’s guilt. Moreover, the agent’s statement to the jury that Muniz was being dishonest was cumulative. “Where objected to testimony is cumulative of other testimony that has not been objected to, the error that occurred is harmless.” United States v. Griffin, 324 F.3d 330, 348 (5th Cir. 2003). Here, the agent testified about both the dishonest statements that Muniz made and the underlying facts demonstrating the dishonesty. That is, “[t]he record contained enough other information for the jurors to reach the same conclusion” about Muniz’s dishonesty as the agent did. United States v. Churchwell, 807 F.3d 107, 119 (5th Cir. 2015). Accordingly, the agent’s opinion testimony concerning Muniz’s dishonesty was “merely cumulative of what was already showcased in the record.” Id.
Ill
We have considered Muniz’s remaining arguments and find them without merit. We AFFIRM.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.